

U.S. Department of Justice

*Eastern District of Louisiana*
*U.S. Attorney's Office*

*Patrice Harris Sullivan*  *The Poydras Center*  Telephone # :(504) 6803-3115
*Assistant United States Attorney*  *650 Poydras Street, Suite 1600*  Fax # : (504) 589-4393
*Health Care Fraud Coordinator*  *New Orleans, LA 70130*

January 4, 2012

**U.S. DISTRICT COURT**
EASTERN DISTRICT OF LOUISIANA

FILED     JAN 11 2012

**LORETTA G. WHYTE**
CLERK

Honorable Lance M. Africk
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

    Re:    United States v. Solo Lucky Claims Processing, Inc.
             Criminal Docket No. 11-105 "I"

Dear Judge Africk:

       In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Solo Lucky Claims Processing, Inc., the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Joseph Marcal, has reviewed the terms of this agreement and has been informed by the defendant's corporate representative, Anna Aivazova, that the defendant fully understands the terms of this agreement. The defendant by resolution hereto has authorized Mr. Marcal to enter into this plea agreement.

       The Government has agreed that should the Court accept the defendant's plea of guilty to Count 43 of a Superseding Indictment charging conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 371, the Government will request the Court to dismiss counts 9 through 42 of the underlying indictment at the time of sentencing. The defendant understands that the Court is not bound to dismiss any count.

       The defendant, through its representative, further understands that the maximum penalty defendant may receive should its plea of guilty be accepted is a fine of $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

       It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be

Honorable Lance M. Africk
January 4, 2012
Page 2

non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant agrees that its conduct in the case caused false billings to the Medicare and Medicaid Programs which resulted in a gross profit to Solo Lucky Claims Processing, Inc., in the amount of $367,643.29. The defendant further agrees to pay restitution in those amounts. The defendant also agrees that it will dissolve Solo Lucky Claims Processing, Inc. and further agrees not to engage in any business which involves claims to Medicare and Medicaid.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up its right to appeal or contest its guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to its right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 18, United States Code, Section 1291;

b. Waives and gives up its right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up its right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

Honorable Lance M. Africk
January 4, 2012
Page 3

      c.    Waives and gives up its right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

      d.    The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if it establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which it is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which it is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

Honorable Lance M. Africk
January 4, 2012
Page 4

    The defendant further agrees to fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

    The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

    Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

PATRICE HARRIS SULLIVAN
Assistant United States Attorney

JOSEPH MARCAL
Attorney for the Defendant
Date: 1/11/12

ANNA AIVAZOVA, on behalf of
Defendant Solo Luck Claims Processing, Inc.
Date: 01/11/12